UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:21-CV-00161-GFVT-EBA

CHARLES L. SIMPSON, PLAINTIFF,

V. **RECOMMENDED DISPOSITION**

WOODFORD COUNTY JAIL, DEFENDANT.

*** *** *** ***

On June 10, 2021, *pro se* Petitioner Charles L. Simpson filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. [R. 1]. In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court conducted a preliminary review of the petition. The Court noted that Simpson's motion did not "substantially follow" the standard § 2254 form as required by Rule 2(d) of the Rules Governing Section 2254 Cases. [R. 4]. Accordingly, the Court directed the Clerk to send Simpson the appropriate § 2254 form and ordered Simpson to complete and return the standard § 2254 form on or before Wednesday, August 11, 2021, and stated that failure to do so could result in the denial of his petition. [*Id.*]. In lieu of filing a corrected § 2254 petition, Simpson instead filed a separate motion, styled as a Motion for Reconsideration, on June 24, 2021. [R. 5]. In essence, Simpson argues that his petition [R. 1] should be construed to supplement an earlier § 2254 petition previously filed with the Court.[1] [R. 5 at pg. 3].

---

[1] Simpson has filed two other § 2254 petitions in the Eastern District of Kentucky. First, Simpson filed a petition in 2011, which was denied with prejudice in 2012. *Simpson v. Jones*, No. 11-422-JBC, 2012 U.S. Dist. LEXIS 127310 (E.D. Ky. Sep. 7, 2012). Subsequently, Simpson filed another petition in 2013, No. 5:13-CV-185-GFVT-HAI, and the Court dismissed Simpson's petition with prejudice after he was released from state custody. After reviewing the record of both cases, the Court shall presume Simpson is referring to his § 2254 petition at No. 5:11-CV-00422-JBC-CJS.

As a threshold matter, Simpson's petition is defective as it does not comply with Rule 3 of the Rules Governing Section 2254 Cases. Rule 4 provides that a petition for writ of habeas corpus must be filed with the clerk and accompanied by either (1) the applicable filing fee; or (2) a motion for leave to proceed *in forma pauperis*, an accompanying affidavit, and certificate showing the amount of money in the petitioner's inmate account. Here, Simpson has neither tendered a filing fee nor moved to proceed *in forma pauperis*. His justification for doing so is that he is not requesting to file a new habeas petition, but that he intends the filings to supplement the record to his prior § 2254 petition. [R. 5 at pg. 2].

When a petitioner moves to amend or supplement a prior habeas petition after the final adjudication of that petition, "the motion, irrespective of its characterization, is really a second or successive habeas petition." *Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014). Here, Simpson is asking the Court to construe the instant petition, [R. 1], as a supplement or "status report" to the habeas petition filed in 2011 under Case No. 5:11-CV-0042-JBC-CJS instead of a new, independent claim for relief. *See* [R. 5 at pg. 2]. Indeed, comparing the instant petition with his filings from the previous matter, both appear to raise claims related a 2005 judgment in state court for his failure to appear in family court proceeding while being detained in Woodford County. However, the Court dismissed Simpson's initial § 2254 petition with prejudice and it has thus received final adjudication. Accordingly, any supplement to Simpson's prior § 2254 petition at Case No. 5:11-CV-00422-JBC-CJS is not timely. The Court is, therefore, required to construe the instant petition as a second or successive petition for writ of habeas corpus.

As Simpson's petition is a second or successive petition, this Court is not authorized to review the merits of the petition. "If an application is 'second or successive,' the petitioner must obtain leave from the court of appeals before filing it with the district court." *Magwood v. Patterson*, 561 U.S. 320 (2010) (citing 28 U.S.C. § 2244(b)(3)(A)). After obtaining leave from the

court of appeals, "a district court shall dismiss any claim presented in a second or successive application . . . unless the applicant shows that the claim satisfies the requirements of [§ 2244(b)(3)]." 28 U.S.C. § 2244(b)(4). Here, Simpson does not indicate, nor does the record reflect, that he sought authorization to file the instant successive § 2254 petition from the Sixth Circuit Court of Appeals. Accordingly, this Court lacks jurisdiction to consider Simpson's habeas petition.

In this Circuit, once a district court has determined that a habeas petition is second or successive and thus lacks jurisdiction to consider it, and transfer to the court of appeals is appropriate pursuant to 28 U.S.C. § 1631. *In re Smith*, 690 F,3d 809, 810 (6th Cir. 2012) (citing *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). "*Sims* instructs district courts to transfer only 'successive' petitions to [the Sixth Circuit] for want of jurisdiction under [§ 1631] rather than dismiss them outright." *Id.* Having fully considered the matter, and the Court being otherwise sufficiently advised,

**IT IS RECOMMENDED** that Simpson's petition for writ of habeas corpus in the above-captioned matter be **TRANSFERRED** to the Sixth Circuit pursuant to 28 U.S.C. § 2244(a) for a determination as to whether this Court may review it. **IT IS FURTHER RECOMMENDED** that Simpson's Motion for Reconsideration [R. 5] be **DENIED AS MOOT**.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373,

380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

Signed January 3, 2022.



Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge