UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| CHARLES SIMPSON, | ) | |
| | ) | Civil No. 5:21-cv-000161-GFVT-EBA |
| Petitioner, | ) | |
| | ) | |
| V. | ) | **ORDER** |
| | ) | |
| WOODFORD COUNTY JAIL, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Edward B. Atkins. [R. 7.] On June 10, 2021, Mr. Simpson filed a petition for a writ of habeas corpus against the Woodford County Jail. [R. 1.] Because his petition did not "substantially follow" the standard § 2254 form as required by Rule 2(d) of the Rules Governing § 2254 cases, however, Mr. Simpson was ordered to refile his petition using the standard § 2254 form. [R. 4.] But on June 24, instead of refiling, Mr. Simpson filed a Motion for Reconsideration in which he argues that his current petition is not a new habeas petition but is instead a supplement to an earlier § 2254 petition he had filed. [*See* R. 5.]

Upon review, Judge Atkins determined that Mr. Simpson's "supplement" to actually be an attempt to file a second or successive habeas petition. [R. 7 at 2 (citing *Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) (holding that an attempt to amend or supplement a prior habeas petition after its final adjudication is "really a second or successive habeas petition" "irrespective of its characterization."))]. Accordingly, Judge Atkins recommended the Court transfer his petition to the Sixth Circuit to determine whether review is appropriate. *Id.* at 3. (citing 28 U.S.C. § 1631).

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.*; *see* 28 U.S.C. § 636(b)(1). Mr. Simpson has not filed any objections to Judge Ingram's Report and Recommendation [R. 7.][1] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Atkins's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Judge Atkins's Report and Recommendation [R. 7] is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Simpson's petition for writ of habeas corpus [R. 1] is **TRANSFERRED** to the Sixth Circuit pursuant to 28 U.S.C. § 2244(a) for a determination as to whether this Court may review it;

---

[1] The Court notes that Judge Atkins's Report and Recommendation [R. 7] was returned as undeliverable to Mr. Simpson. [R. 8.] But the Court clearly instructed Mr. Simpson to ensure that his current address remain accurate upon the filing of his petition. [R. 3 at 2.] Because the Court has no way to provide Mr. Simpson a copy of the Recommendation, and because Mr. Simpson failed to update his address, the Court adopts Judge Atkins's Recommendation without objection.

3. Mr. Simpson's Motion for Reconsideration [R. 5] is **DENIED AS MOOT**.

This the 24th day of January, 2022.

Gregory F. Van Tatenhove
United States District Judge